UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 19- 191 (RBK) |
| | : | |
| v. | : | 18 U.S.C. §§ 1349, 1347, 1343, 1956, 1957, |
| | : | and 2 |
| WILLIAM HICKMAN, | : | |
| SARA HICKMAN, | : | INDICTMENT |
| BRIAN PUGH, | : | |
| THOMAS SCHALLUS, | : | |
| JOHN SHER, | : | |
| THOMAS SHER, and | : | |
| CHRISTOPHER BROCCOLI | : | |

2019 MAR 13 P 2:24
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

The Grand Jury in and for the District of New Jersey, sitting in Camden, charges:

**COUNT 1**

**(Conspiracy to Commit Health Care Fraud and Wire Fraud)**

1. At all times relevant to this Indictment:

a. Defendant WILLIAM HICKMAN was a pharmaceutical sales representative, a resident of New Jersey, and married to defendant SARA HICKMAN.

b. Defendant SARA HICKMAN was a resident of New Jersey and married to defendant WILLIAM HICKMAN.

c. Boardwalk Medical Limited Liability Company ("Boardwalk Medical LLC") was a New Jersey Limited Liability Company founded by defendant SARA HICKMAN to sell medical supplies. Defendant WILLIAM HICKMAN was employed by a pharmaceutical company and not permitted under the terms of his employment to independently sell medical products or pharmaceuticals. Defendant SARA HICKMAN founded Boardwalk Medical LLC in her name to conceal defendant WILLIAM HICKMAN's efforts to sell medical products, including pharmaceuticals, through Boardwalk Medical LLC in violation of his duties to his

employer. Defendant SARA HICKMAN was the President of Boardwalk Medical LLC. Defendants SARA HICKMAN and WILLIAM HICKMAN managed Boardwalk Medical LLC.

d. Defendant BRIAN PUGH was a resident of New Jersey and an owner of businesses.

e. BP Med 1 LLC was a New Jersey Limited Liability Company founded and managed by defendant BRIAN PUGH.

f. Defendant THOMAS SCHALLUS was a resident of New Jersey and a police officer in Ventnor City, New Jersey.

g. Defendant JOHN SHER was a resident of New Jersey and a firefighter with the Margate City Fire Department.

h. Defendant THOMAS SHER was a resident of New Jersey and a firefighter with the Margate City Fire Department. Defendants THOMAS SHER and JOHN SHER were brothers.

i. Defendant CHRISTOPHER BROCCOLI was a resident of New Jersey and a firefighter with the Camden Fire Department.

j. John Gaffney, who is named as a co-conspirator but not as a defendant herein, was a doctor of osteopathy with a medical practice in Margate City, New Jersey.

k. Judd Holt, who is named as a co-conspirator but not as a defendant herein, was a pharmaceutical sales representative.

l. Michael Sher, who is named as a co-conspirator but not as a defendant herein, was a firefighter with the Margate City Fire Department and a brother of defendants JOHN SHER and THOMAS SHER. Michael Sher was the founder and sole member of MBC Distributions LLC, a New Jersey Limited Liability Company.

m. Matthew Tedesco, who is named as a co-conspirator but not as a defendant herein, was a pharmaceutical sales representative. Matthew Tedesco was the founder and manager of Lakeside Medical LLC, a New Jersey Limited Liability Company.

n. Steven Urbanski, who is named as a co-conspirator but not as a defendant herein, was a pharmaceutical sales representative.

o. Richard Zappala, who is named as a co-conspirator but not as a defendant herein, was a pharmaceutical sales representative. Richard Zappala received and made payments through KLZ Health and Beauty LLC, a New Jersey Limited Liability Company founded by his wife.

2. At all times relevant to this Indictment:

a. In New Jersey, the State Health Benefits Program ("SHBP") offered medical and prescription drug coverage to qualified state and local government public employees, retirees, and eligible dependents. The School Employees' Health Benefits Program ("SEHBP") offered medical and prescription drug coverage to qualified local education public employees, retirees, and eligible dependents. SHBP and SEHBP each were "health care benefit programs" that affected commerce as defined in Title 18, United States Code, Section 24(b).

b. "Pharmacy Benefits Administrator" provided pharmacy benefit management services for SHBP and SEHBP beneficiaries pursuant to a contract with the State of New Jersey. Pharmacy Benefits Administrator also provided pharmacy benefit management services for beneficiaries of other insurance plans. Pharmacy Benefits Administrator adjudicated claims for reimbursement from pharmacies and paid pharmacies for valid claims. Pharmacy Benefits Administrator then billed the State of New Jersey based on the amount paid to the pharmacies for claims on behalf of SHBP and SEHBP beneficiaries and billed other insurance

plans based on the amount paid to the pharmacies for claims under other insurance plans. Pharmacy Benefits Administrator was a "health care benefit program" that affected commerce as defined in Title 18, United States Code, Section 24(b).

c. In general, compounding was a practice in which a licensed pharmacist combined, mixed, or altered ingredients of one or more drugs in response to a prescription to create a medication tailored to the medical needs of an individual patient. Compounded drugs were not approved by the United States Food and Drug Administration ("FDA"); that is, the FDA did not verify the safety, potency, effectiveness, or manufacturing quality of compounded drugs.

d. Compounded drugs could be appropriately prescribed by a physician when an FDA-approved medication did not meet the health needs of a particular patient. For example, if a patient was allergic to a specific ingredient in an FDA-approved medication, such as a dye or preservative, a compounded drug could be prepared excluding the ingredient that triggers the allergic reaction.

e. "Compounding Pharmacy" was a pharmacy located in Louisiana that prepared compounded medications. When Compounding Pharmacy received a prescription for a compounded medication for an individual with prescription drug coverage administered by Pharmacy Benefits Administrator, Compounding Pharmacy would electronically verify with Pharmacy Benefits Administrator that the individual had prescription drug coverage and that the compounded medication was covered by the individual's prescription plan. Compounding Pharmacy then would fill the prescription by preparing the compounded medication and mailing it to the individual, bill Pharmacy Benefits Administrator for the prescription, and receive payment from Pharmacy Benefits Administrator. In 2015 and 2016, Pharmacy Benefits

Administrator paid Compounding Pharmacy in excess of $50,000,000 for compounded medications mailed to individuals in New Jersey.

3. From in or about July 2014 through in or about April 2016, in Atlantic County, in the District of New Jersey, and elsewhere, defendants

WILLIAM HICKMAN,
SARA HICKMAN,
BRIAN PUGH,
THOMAS SCHALLUS,
JOHN SHER,
THOMAS SHER, and
CHRISTOPHER BROCCOLI

did knowingly and intentionally conspire and agree with each other and with John Gaffney, Judd Holt, Michael Sher, Matthew Tedesco, Steven Urbanski, Richard Zappala, and others to commit certain offenses, namely:

a. Knowingly and willfully to execute a scheme and artifice to defraud a health care benefit program and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by, or under the custody and control of, a health care benefit program in connection with the delivery of and payment for health care benefits, items, and services, contrary to Title 18, United States Code, Section 1347; and

b. To devise a scheme and artifice to defraud, and to obtain money and property by means of materially false pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, and sounds, contrary to Title 18, United States Code, Section 1343.

**Object of the Conspiracy**

4. It was the object of the conspiracy for defendants WILLIAM HICKMAN, SARA HICKMAN, BRIAN PUGH, THOMAS SCHALLUS, JOHN SHER, THOMAS SHER, and CHRISTOPHER BROCCOLI, and co-conspirators John Gaffney, Judd Holt, Michael Sher, Matthew Tedesco, Steven Urbanski, Richard Zappala, and others to unlawfully enrich themselves by causing the submission of false and fraudulent insurance claims for compounded prescription medications to Pharmacy Benefits Administrator and by receiving a percentage of the money that Pharmacy Benefits Administrator paid to Compounding Pharmacy for those compounded prescription medications.

**Manner and Means of the Conspiracy**

5. It was part of the conspiracy that defendants WILLIAM HICKMAN, SARA HICKMAN, BRIAN PUGH, THOMAS SCHALLUS, JOHN SHER, THOMAS SHER, CHRISTOPHER BROCCOLI, and others learned that Pharmacy Benefits Administrator would reimburse thousands of dollars for one individual's one-month supply of certain prescription compounded medications, including compounded vitamin combinations, pain creams, scar creams, antifungal creams, and libido creams.

6. It was further part of the conspiracy that defendant SARA HICKMAN signed a contract as President of Boardwalk Medical LLC with Compounding Pharmacy under which Compounding Pharmacy would pay Boardwalk Medical LLC a percentage of the amount that Compounding Pharmacy received from Pharmacy Benefits Administrator for prescriptions obtained by Boardwalk Medical LLC and its associates.

7. It was further part of the conspiracy that defendants SARA HICKMAN and WILLIAM HICKMAN secured the agreement of defendant BRIAN PUGH and co-conspirators

Judd Holt, Michael Sher, Matthew Tedesco, Steven Urbanski, Richard Zappala, and others, in exchange for a share of the amount paid by Compounding Pharmacy to Boardwalk Medical LLC, to recruit individuals who would agree to obtain prescriptions and to find additional recruiters.

8. It was further part of the conspiracy that (a) defendant BRIAN PUGH secured the agreement of defendant THOMAS SCHALLUS and others, in exchange for a share of the amount that defendant BRIAN PUGH received for the prescriptions, to recruit individuals to agree to obtain prescriptions, (b) co-conspirator Michael Sher secured the agreement of defendants JOHN SHER and THOMAS SHER and others, in exchange for a share of the amount that Michael Sher received for the prescriptions, to recruit individuals to agree to obtain prescriptions, and (c) co-conspirator Matthew Tedesco secured the agreement of defendant CHRISTOPHER BROCCOLI and others, in exchange for a share of the amount that Matthew Tedesco received for the prescriptions, to recruit individuals to agree to obtain prescriptions.

9. It was further part of the conspiracy that defendants SARA HICKMAN and WILLIAM HICKMAN, through Boardwalk Medical LLC, paid, directly or indirectly, a percentage of the amounts received from Compounding Pharmacy to defendants BRIAN PUGH, THOMAS SCHALLUS, JOHN SHER, THOMAS SHER, and CHRISTOPHER BROCCOLI and co-conspirators Judd Holt, Michael Sher, Matthew Tedesco, Steven Urbanski, Richard Zappala, and others for the prescriptions that they and their recruiters obtained.

10. It was further part of the conspiracy that defendants WILLIAM HICKMAN, BRIAN PUGH, THOMAS SCHALLUS, JOHN SHER, THOMAS SHER, CHRISTOPHER BROCCOLI, and others recruited state and local government and education employees who had

benefits under the SHBP and SEHBP ("Public Employees") and other individuals who had a prescription drug benefit administered by Pharmacy Benefits Administrator.

11. It was further part of the conspiracy that defendants WILLIAM HICKMAN, SARA HICKMAN, BRIAN PUGH, THOMAS SCHALLUS, JOHN SHER, THOMAS SHER, CHRISTOPHER BROCCOLI, and others paid other individuals to recruit Public Employees and other individuals who had a prescription drug benefit administered by Pharmacy Benefits Administrator.

12. It was further part of the conspiracy that defendants WILLIAM HICKMAN, SARA HICKMAN, BRIAN PUGH, THOMAS SCHALLUS, JOHN SHER, THOMAS SHER, CHRISTOPHER BROCCOLI, and others paid money and other benefits to individuals to induce and reward them for agreeing to obtain prescriptions for compounded medications from Compounding Pharmacy.

13. It was further part of the conspiracy that defendants WILLIAM HICKMAN, BRIAN PUGH, THOMAS SCHALLUS, JOHN SHER, THOMAS SHER, CHRISTOPHER BROCCOLI, and others, with no medical training or licenses and with the sole purpose of receiving money from Compounding Pharmacy, would persuade individuals to agree to obtain compounded prescription medications from Compounding Pharmacy without any evaluation or determination by a medical professional that the individuals had a medical necessity for the compounded prescription medications.

14. It was further part of the conspiracy that defendants WILLIAM HICKMAN, BRIAN PUGH, THOMAS SCHALLUS, JOHN SHER, THOMAS SHER, CHRISTOPHER BROCCOLI, and others would obtain insurance information from these individuals and complete and cause the completion of prescriptions on Compounding Pharmacy's pre-printed

prescription forms for compounded medications, even though the individuals had no medical necessity determined by a doctor for the compounded medications.

15. It was further part of the conspiracy that defendants WILLIAM HICKMAN, BRIAN PUGH, THOMAS SCHALLUS, JOHN SHER, THOMAS SHER, CHRISTOPHER BROCCOLI, and others would specifically select the medications on Compounding Pharmacy's pre-printed prescription forms that had the highest possible reimbursement without any determination of the medical necessity of the medications selected.

16. It was further part of the conspiracy that defendants WILLIAM HICKMAN, BRIAN PUGH, THOMAS SCHALLUS, JOHN SHER, THOMAS SHER, CHRISTOPHER BROCCOLI, and others would have Compounding Pharmacy's pre-printed prescription forms marked to request 12 months of refills in order to obtain the highest possible reimbursement, without any determination of the medical necessity of receiving the medications for 12 months.

17. It was further part of the conspiracy that defendants SARA HICKMAN, THOMAS SCHALLUS, JOHN SHER, THOMAS SHER, CHRISTOPHER BROCCOLI, and others fraudulently caused the submission of prescriptions for themselves for compounded medications in order to financially benefit themselves and/or their co-conspirators.

18. It was further part of the conspiracy that defendants WILLIAM HICKMAN, BRIAN PUGH, THOMAS SCHALLUS, JOHN SHER, THOMAS SHER, CHRISTOPHER BROCCOLI, and others secured and caused to be secured the signatures of co-conspirator John Gaffney and other doctors on Compounding Pharmacy's pre-printed prescription forms for individuals (a) without the doctors having a doctor/patient relationship with the individuals; (b) without the doctors determining that the individuals had a medical necessity for the compounded medication selected; (c) without the doctors considering a non-compounded prescription or over-

the-counter medication for the individuals; and/or (d) without the doctors having evaluated whether the compounded medication would have any adverse effect on the individuals.

19. It was further part of the conspiracy that defendant WILLIAM HICKMAN and others paid and caused to be paid money and other benefits to co-conspirator John Gaffney and others to reward them for signing prescriptions for compounded medications.

20. It was further part of the conspiracy that once a Compounding Pharmacy pre-printed prescription form was completed with the signature of a doctor, defendants WILLIAM HICKMAN, BRIAN PUGH, THOMAS SCHALLUS, JOHN SHER, THOMAS SHER, CHRISTOPHER BROCCOLI, and others caused the completed prescription to be sent via fax from the office of the signing doctor in New Jersey to Compounding Pharmacy in Louisiana, which filled the prescription and billed Pharmacy Benefits Administrator.

21. It was further part of the conspiracy that if Pharmacy Benefits Administrator stopped covering a compounded medication, Compounding Pharmacy would find a different combination of ingredients that Pharmacy Benefits Administrator would cover for thousands of dollars per month per prescription, and defendants WILLIAM HICKMAN, SARA HICKMAN, BRIAN PUGH, THOMAS SCHALLUS, JOHN SHER, THOMAS SHER, CHRISTOPHER BROCCOLI, and others would cause the completion of new prescriptions with this different combination of ingredients without the patients being asked if they consented to the change, without the patients being examined by a doctor, and/or without any determination by a doctor that the new medication with a different combination of ingredients was medically necessary or appropriate for the patient.

22. It was further part of the conspiracy that defendants WILLIAM HICKMAN, CHRISTOPHER BROCCOLI, and others caused individuals to receive compounded

medications that the individuals did not first discuss with their recruiter or doctor or agree to receive.

23. It was further part of the conspiracy that defendants WILLIAM HICKMAN, SARA HICKMAN, BRIAN PUGH, THOMAS SCHALLUS, JOHN SHER, THOMAS SHER, and CHRISTOPHER BROCCOLI, and co-conspirators John Gaffney, Judd Holt, Michael Sher, Matthew Tedesco, Steven Urbanski, Richard Zappala, and others caused Pharmacy Benefits Administrator to pay Compounding Pharmacy over $50,000,000 for compounded medications and that defendants SARA HICKMAN and WILLIAM HICKMAN received, through Boardwalk Medical LLC, in excess of $26,000,000 from Compounding Pharmacy.

**Furthering the Conspiracy and Executing the Scheme**

24. In furtherance of the conspiracy and to execute the scheme, its members committed and caused to be committed the following acts:

a. In or about August 2015, defendant WILLIAM HICKMAN caused prescriptions for Individual 1 to be completed and faxed to Compounding Pharmacy.

b. In or about October 2015, defendant WILLIAM HICKMAN caused a prescription for Individual 1 for libido cream to be completed and faxed to Compounding Pharmacy.

c. In or about February 2015, defendant WILLIAM HICKMAN caused a prescription for Individual 2 to be completed and faxed to Compounding Pharmacy.

d. In or about September 2015, defendant CHRISTOPHER BROCCOLI caused prescriptions for Individual 3 and Individual 4 to be completed and faxed to Compounding Pharmacy.

e. In or about September 2015, defendant CHRISTOPHER BROCCOLI caused a prescription for Individual 5 to be completed and faxed to Compounding Pharmacy.

f. In or about August 2015, defendant CHRISTOPHER BROCCOLI caused prescriptions for himself to be completed and faxed to Compounding Pharmacy.

g. In or about September 2015, defendant CHRISTOPHER BROCCOLI caused prescriptions for his family members Individual 6, Individual 7, Individual 8, and Individual 9 to be completed and faxed to Compounding Pharmacy.

h. In or about October 2015, defendants WILLIAM HICKMAN and BRIAN PUGH caused prescriptions for Individual 10 and Individual 11 to be completed and faxed to Compounding Pharmacy.

i. In or about October 2015, defendants WILLIAM HICKMAN and BRIAN PUGH caused prescriptions for Individual 12 and Individual 13 to be completed and faxed to Compounding Pharmacy.

j. In or about October 2015, defendants WILLIAM HICKMAN, BRIAN PUGH, and THOMAS SCHALLUS caused prescriptions for Individual 14 to be completed and faxed to Compounding Pharmacy.

k. In or about November 2015, defendants WILLIAM HICKMAN, BRIAN PUGH, and THOMAS SCHALLUS caused a prescription for Individual 15 to be completed and faxed to Compounding Pharmacy.

l. In or about October 2015, defendants WILLIAM HICKMAN, BRIAN PUGH, and THOMAS SCHALLUS caused a prescription for Individual 16 to be completed and faxed to Compounding Pharmacy.

m. In or about August 2015, defendants WILLIAM HICKMAN and JOHN SHER caused prescriptions for Individual 17 and Individual 18 to be completed and faxed to Compounding Pharmacy.

n. In or about April 2015, defendants WILLIAM HICKMAN and JOHN SHER caused a prescription for Individual 19 to be completed and faxed to Compounding Pharmacy.

o. In or about June 2015, defendants WILLIAM HICKMAN and JOHN SHER caused a prescription for Individual 20 to be completed and faxed to Compounding Pharmacy.

p. In or about June 2015, defendants WILLIAM HICKMAN and JOHN SHER caused prescriptions for Individual 21 and Individual 22 to be completed and faxed to Compounding Pharmacy.

q. In or about May 2015, defendants WILLIAM HICKMAN and THOMAS SHER caused prescriptions for Individual 23 and Individual 24 to be completed and faxed to Compounding Pharmacy.

r. In or about December 2015, defendants WILLIAM HICKMAN and THOMAS SHER caused prescriptions for Individual 25 and Individual 26 to be completed and faxed to Compounding Pharmacy.

s. In or about December 2015, defendants WILLIAM HICKMAN and THOMAS SHER caused a prescription for Individual 27 to be completed and faxed to Compounding Pharmacy.

t. In or about October 2015, defendant WILLIAM HICKMAN caused a prescription for libido cream for defendant THOMAS SHER to be completed and faxed to Compounding Pharmacy.

u. On or about February 27, 2015, defendants WILLIAM HICKMAN caused the fax transmission of a prescription for Judd Holt from Margate City, New Jersey to Compounding Pharmacy.

v. On or about January 16, 2015, defendants WILLIAM HICKMAN and SARA HICKMAN caused the transmission of an email from defendant SARA HICKMAN in Northfield, New Jersey to Compounding Pharmacy stating that SARA HICKMAN "look[ed] forward to a valuable relationship" and was "committed to driving business."

w. On or about February 19, 2015, defendants WILLIAM HICKMAN and SARA HICKMAN caused the fax transmission of a prescription for SARA HICKMAN from Egg Harbor Township, New Jersey to Compounding Pharmacy.

x. On or about April 3, 2015, defendants WILLIAM HICKMAN and SARA HICKMAN caused the fax transmission of SARA HICKMAN's signature on an agreement between Boardwalk Medical LLC and Compounding Pharmacy from Northfield, New Jersey to Compounding Pharmacy.

y. On or about July 16, 2015, defendants WILLIAM HICKMAN and SARA HICKMAN caused the transmission of an email from SARA HICKMAN to Compounding Pharmacy Chief Compliance Officer from Northfield, New Jersey to Compounding Pharmacy stating that SARA HICKMAN was "constantly monitoring how our business is being conducted."

z. On or about November 10, 2015, defendants WILLIAM HICKMAN and BRIAN PUGH caused the fax transmission of a prescription for Individual 28 from Margate City, New Jersey to Compounding Pharmacy.

In violation of Title 18, United States Code, Section 1349.

## COUNTS 2-21

### (Health Care Fraud)

25. Paragraphs 1-2 and 4-24 of Count 1 of this Indictment are hereby realleged and incorporated as though set forth in full herein.

26. On or about the dates listed below, in Atlantic County, in the District of New Jersey and elsewhere, the defendant specified per count below knowingly and willfully executed a scheme and artifice to defraud a health care benefit program and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by, or under the custody and control of, a health care benefit program in connection with the delivery of and payment for health care benefits, items, and services:

| Count | Defendant | Date | Execution |
|---|---|---|---|
| 2 | WILLIAM HICKMAN | 8/2015 | WILLIAM HICKMAN caused prescriptions for Individual 1 to be completed and faxed to Compounding Pharmacy. |
| 3 | WILLIAM HICKMAN | 10/2015 | WILLIAM HICKMAN caused a prescription for Individual 1 for libido cream to be completed and faxed to Compounding Pharmacy. |
| 4 | WILLIAM HICKMAN | 2/2015 | WILLIAM HICKMAN caused a prescription for Individual 2 to be completed and faxed to Compounding Pharmacy. |
| 5 | WILLIAM HICKMAN<br><br>CHRISTOPHER BROCCOLI | 9/2015 | CHRISTOPHER BROCCOLI caused prescriptions for Individual 3 and Individual 4 to be completed and faxed to Compounding Pharmacy. |

| | | | |
|---|---|---|---|
| 6 | WILLIAM HICKMAN<br><br>CHRISTOPHER BROCCOLI | 9/2015 | CHRISTOPHER BROCCOLI caused a prescription for Individual 5 to be completed and faxed to Compounding Pharmacy. |
| 7 | WILLIAM HICKMAN<br><br>CHRISTOPHER BROCCOLI | 8/2015 | CHRISTOPHER BROCCOLI caused prescriptions for himself to be completed and faxed to Compounding Pharmacy. |
| 8 | WILLIAM HICKMAN<br><br>CHRISTOPHER BROCCOLI | 9/2015 | CHRISTOPHER BROCCOLI caused prescriptions for his family members Individual 6, Individual 7, Individual 8, and Individual 9 to be completed and faxed to Compounding Pharmacy. |
| 9 | WILLIAM HICKMAN<br><br>BRIAN PUGH | 10/2015 | WILLIAM HICKMAN and BRIAN PUGH caused prescriptions for Individual 10 and Individual 11 to be completed and faxed to Compounding Pharmacy. |
| 10 | WILLIAM HICKMAN<br><br>BRIAN PUGH | 10/2015 | WILLIAM HICKMAN and BRIAN PUGH caused prescriptions for Individual 12 and Individual 13 to be completed and faxed to Compounding Pharmacy. |
| 11 | WILLIAM HICKMAN<br><br>BRIAN PUGH<br><br>THOMAS SCHALLUS | 10/2015 | WILLIAM HICKMAN, BRIAN PUGH, and THOMAS SCHALLUS caused prescriptions for Individual 14 to be completed and faxed to Compounding Pharmacy. |
| 12 | WILLIAM HICKMAN<br><br>BRIAN PUGH<br><br>THOMAS SCHALLUS | 11/2015 | WILLIAM HICKMAN, BRIAN PUGH, and THOMAS SCHALLUS caused a prescription for Individual 15 to be completed and faxed to Compounding Pharmacy. |
| 13 | WILLIAM HICKMAN<br><br>BRIAN PUGH<br><br>THOMAS SCHALLUS | 10/2015 | WILLIAM HICKMAN, BRIAN PUGH, and THOMAS SCHALLUS caused a prescription for Individual 16 to be completed and faxed to Compounding Pharmacy. |

| | | | |
|---|---|---|---|
| 14 | WILLIAM HICKMAN<br><br>JOHN SHER | 8/2015 | WILLIAM HICKMAN and JOHN SHER caused prescriptions for Individual 17 and Individual 18 to be completed and faxed to Compounding Pharmacy. |
| 15 | WILLIAM HICKMAN<br><br>JOHN SHER | 4/2015 | WILLIAM HICKMAN and JOHN SHER caused a prescription for Individual 19 to be completed and faxed to Compounding Pharmacy. |
| 16 | WILLIAM HICKMAN<br><br>JOHN SHER | 6/2015 | WILLIAM HICKMAN and JOHN SHER caused a prescription for Individual 20 to be completed and faxed to Compounding Pharmacy. |
| 17 | WILLIAM HICKMAN<br><br>JOHN SHER | 6/2015 | WILLIAM HICKMAN and JOHN SHER caused prescriptions for Individual 21 and Individual 22 to be completed and faxed to Compounding Pharmacy. |
| 18 | WILLIAM HICKMAN<br><br>THOMAS SHER | 5/2015 | WILLIAM HICKMAN and THOMAS SHER caused prescriptions for Individual 23 and Individual 24 to be completed and faxed to Compounding Pharmacy. |
| 19 | WILLIAM HICKMAN<br><br>THOMAS SHER | 12/2015 | WILLIAM HICKMAN and THOMAS SHER caused prescriptions for Individual 25 and Individual 26 to be completed and faxed to Compounding Pharmacy. |
| 20 | WILLIAM HICKMAN<br><br>THOMAS SHER | 12/2015 | WILLIAM HICKMAN and THOMAS SHER caused a prescription for Individual 27 to be completed and faxed to Compounding Pharmacy. |
| 21 | WILLIAM HICKMAN<br><br>THOMAS SHER | 10/2015 | WILLIAM HICKMAN caused a prescription for libido cream for THOMAS SHER to be completed and faxed to Compounding Pharmacy. |

In violation of Title 18, United States Code, Section 1347, and Title 18, United States Code, Section 2.

## COUNTS 22-27

**(Wire Fraud)**

27. Paragraphs 1-2 and 4-24 of Count 1 of this Indictment are hereby realleged and incorporated as though set forth in full herein.

28. On or about the dates listed below, in Atlantic County, in the District of New Jersey and elsewhere, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, the defendant specified per count below, for the purpose of executing such scheme and artifice, did knowingly and with fraudulent intent transmit and cause to be transmitted by means of wire communications in interstate commerce the following writings, signs, signals, pictures, and sounds:

| Count | Defendant | Date | From | To | Wire Transmission |
|---|---|---|---|---|---|
| 22 | WILLIAM HICKMAN | 2/27/2015 | Margate City, New Jersey | Compounding Pharmacy | Fax transmission of prescription for Judd Holt |
| 23 | WILLIAM HICKMAN<br><br>SARA HICKMAN | 1/16/15 | Northfield, New Jersey | Compounding Pharmacy | Email from SARA HICKMAN to Compounding Pharmacy |
| 24 | WILLIAM HICKMAN<br><br>SARA HICKMAN | 2/19/15 | Egg Harbor Township, New Jersey | Compounding Pharmacy | Fax transmission of prescription for SARA HICKMAN |
| 25 | WILLIAM HICKMAN<br><br>SARA HICKMAN | 4/3/15 | Northfield, New Jersey | Compounding Pharmacy | Fax transmission of signature on agreement between Boardwalk Medical LLC and Compounding Pharmacy |
| 26 | WILLIAM HICKMAN | 7/16/15 | Northfield, New Jersey | Compounding Pharmacy | Email from SARA HICKMAN to Compounding Pharmacy Chief Compliance Officer |

| | | | | | |
|---|---|---|---|---|---|
| | SARA HICKMAN | | | | |
| 27 | WILLIAM HICKMAN<br><br>BRIAN PUGH | 11/10/15 | Margate City, New Jersey | Compounding Pharmacy | Fax transmission of prescription for Individual 28 |

In violation of Title 18, United States Code, Section 1343, and Title 18, United States Code, Section 2.

## COUNT 28

**(Conspiracy to Commit Money Laundering)**

29. Paragraphs 1-2 and 4-24 of Count 1 of this Indictment are hereby realleged and incorporated as though set forth in full herein.

30. From in or about February 2015 through in or about February 2017, in Atlantic County, in the District of New Jersey, and elsewhere, defendants

WILLIAM HICKMAN,
SARA HICKMAN, and
BRIAN PUGH

knowing that the property involved in the financial transactions represented the proceeds of unlawful activity, namely, health care fraud and wire fraud, did knowingly conspire and agree with each other and with others to engage in monetary transactions by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from health care fraud and wire fraud, contrary to Title 18, United States Code, Section 1957(a).

**Manner and Means of the Conspiracy**

31. It was part of the conspiracy that defendants WILLIAM HICKMAN and SARA HICKMAN received payments from Compounding Pharmacy, which represented proceeds of health care fraud and wire fraud.

32. It was further part of the conspiracy that defendants WILLIAM HICKMAN and SARA HICKMAN, through Boardwalk Medical LLC, paid defendant BRIAN PUGH, through BP Med 1 LLC, a portion of the amounts received from Compounding Pharmacy, which represented proceeds of health care fraud and wire fraud.

33. It was further part of the conspiracy that defendants WILLIAM HICKMAN, SARA HICKMAN, and BRIAN PUGH engaged in transactions in amounts exceeding $10,000 with the proceeds of the health care fraud and wire fraud.

34. As part of the conspiracy, defendants WILLIAM HICKMAN, SARA HICKMAN, and BRIAN PUGH caused financial transactions affecting interstate and foreign commerce to occur, as set forth below:

a. On or about July 27, 2015, defendants WILLIAM HICKMAN and SARA HICKMAN caused the writing of a check for $16,321.20 from Boardwalk Medical LLC to the wife of Judd Holt.

b. On or about December 23, 2015, defendants WILLIAM HICKMAN and SARA HICKMAN caused the writing of a check for $17,697.89 from Boardwalk Medical LLC to the wife of Steven Urbanski.

c. On or about February 25, 2016, defendants WILLIAM HICKMAN and SARA HICKMAN caused the writing of a check for $13,711.13 from Boardwalk Medical LLC to the wife of Individual 2.

d. On or about December 23, 2015, defendants WILLIAM HICKMAN and SARA HICKMAN caused the writing of a check for $14,101.13 from Boardwalk Medical LLC to Individual 1.

e. On or about December 18, 2015, defendants WILLIAM HICKMAN and SARA HICKMAN caused the writing of a check for $2,069,439.91 from Boardwalk Medical LLC to Lakeside Medical.

f. On or about February 22, 2016, defendants WILLIAM HICKMAN and SARA HICKMAN caused the writing of a check for $119,881.26 from Boardwalk Medical LLC to KLZ Health and Beauty.

g. On or about December 21, 2015, defendants WILLIAM HICKMAN, SARA HICKMAN, and BRIAN PUGH caused the writing of a check for $147,939.06 from Boardwalk Medical LLC to BP Med 1 LLC.

h. On or about December 21, 2015, defendants WILLIAM HICKMAN and SARA HICKMAN caused the writing of a check for $246,561.02 from Boardwalk Medical LLC to MBC Distributions.

i. On or about December 22, 2015, defendant BRIAN PUGH caused the writing of a check for $28,734.33 from BP Med 1 LLC to defendant THOMAS SCHALLUS.

j. On or about January 27, 2016, defendant BRIAN PUGH caused the writing of a check for $12,252.65 from BP Med 1 LLC to defendant THOMAS SCHALLUS.

k. On or about May 1, 2015, defendants WILLIAM HICKMAN and SARA HICKMAN caused the writing of a check for $52,000.00 from Boardwalk Medical LLC to LPL Financial.

l. On or about September 21, 2015, defendants WILLIAM HICKMAN and SARA HICKMAN caused the writing of a check for $500,000.00 from Boardwalk Medical LLC to LPL Financial.

m. On or about December 28, 2015, defendants WILLIAM HICKMAN and SARA HICKMAN caused the writing of a check for $500,000.00 from Boardwalk Medical LLC to LPL Financial.

n. On or about June 17, 2015, defendants WILLIAM HICKMAN and SARA HICKMAN caused the writing of a check for $72,907.92 from Boardwalk Medical LLC to Wells Fargo Home Mortgage.

o. On or about January 27, 2016, defendants WILLIAM HICKMAN and SARA HICKMAN did a debit transfer of $150,000.00 from the Boardwalk Medical LLC account to SWHM Properties.

p. On or about October 6, 2016, defendants WILLIAM HICKMAN and SARA HICKMAN purchased a bank check for $128,032.92 to Lloyds and Handson Title Agency with funds from the Boardwalk Medical LLC account.

q. On or about October 6, 2016, defendants WILLIAM HICKMAN and SARA HICKMAN purchased a bank check for $77,428.24 to Lloyds and Handson Title Agency with funds from the Boardwalk Medical LLC account.

r. On or about October 6, 2016, defendants WILLIAM HICKMAN and SARA HICKMAN purchased a bank check for $76,653.23 to Lloyds and Handson Title Agency with funds from the Boardwalk Medical LLC account.

s. On or about February 1, 2017, defendants WILLIAM HICKMAN and SARA HICKMAN purchased a bank check for $600,000.00 to MJP Construction, LLC with funds from the Boardwalk Medical LLC account.

t. On or about October 15, 2015, defendants WILLIAM HICKMAN and SARA HICKMAN caused the writing of a check for $201,758.03 from Boardwalk Medical LLC to Seterus, Inc.

u. On or about December 28, 2015, defendant BRIAN PUGH did a debit transfer of $65,000.00 from BP Med 1 LLC to RPA Solutions.

v. On or about April 21, 2016, defendant BRIAN PUGH did a debit transfer of $150,000.00 from BP Med 1 LLC to Boulevard Capital.

In violation of Title 18, United States Code, Section 1956(h).

**COUNTS 29-50**

**(Money Laundering – Transacting in Criminal Proceeds)**

35. Paragraphs 1-2 and 4-24 of Count 1 and paragraphs 31-34 of Count 28 of this Indictment are hereby realleged and incorporated as though set forth in full herein.

36. On or about the dates specified below, in the District of New Jersey, and elsewhere, the defendant specified per count below did knowingly engage in the monetary transactions specified below by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from health care fraud and wire fraud:

| Count | Defendant | Date | Amount | Transaction |
|---|---|---|---|---|
| 29 | WILLIAM HICKMAN<br><br>SARA HICKMAN | 7/27/15 | $16,321.20 | Check from Boardwalk Medical LLC to the wife of Judd Holt |
| 30 | WILLIAM HICKMAN<br><br>SARA HICKMAN | 12/23/15 | $17,697.89 | Check from Boardwalk Medical LLC to the wife of Steven Urbanski |
| 31 | WILLIAM HICKMAN<br><br>SARA HICKMAN | 2/25/16 | $13,711.13 | Check from Boardwalk Medical LLC to the wife of Individual 2 |
| 32 | WILLIAM HICKMAN<br><br>SARA HICKMAN | 12/23/15 | $14,101.13 | Check from Boardwalk Medical LLC to Individual 1 |
| 33 | WILLIAM HICKMAN<br><br>SARA HICKMAN | 12/18/15 | $2,069,439.91 | Check from Boardwalk Medical LLC to Lakeside Medical |
| 34 | WILLIAM HICKMAN<br><br>SARA HICKMAN | 2/22/16 | $119,881.26 | Check from Boardwalk Medical LLC to KLZ Health and Beauty |
| 35 | WILLIAM HICKMAN<br><br>SARA HICKMAN<br><br>BRIAN PUGH | 12/21/15 | $147,939.06 | Check from Boardwalk Medical LLC to BP Med 1 LLC |
| 36 | WILLIAM HICKMAN<br><br>SARA HICKMAN | 12/21/15 | $246,561.02 | Check from Boardwalk Medical LLC to MBC Distributions |

| | | | | |
|---|---|---|---|---|
| 37 | BRIAN PUGH | 12/22/15 | $28,734.33 | Check from BP Med 1 LLC to defendant THOMAS SCHALLUS |
| 38 | BRIAN PUGH | 1/27/16 | $12,252.65 | Check from BP Med 1 LLC to defendant THOMAS SCHALLUS |
| 39 | WILLIAM HICKMAN<br><br>SARA HICKMAN | 5/1/15 | $52,000.00 | Check from Boardwalk Medical LLC to LPL Financial |
| 40 | WILLIAM HICKMAN<br><br>SARA HICKMAN | 9/21/15 | $500,000.00 | Check from Boardwalk Medical LLC to LPL Financial |
| 41 | WILLIAM HICKMAN<br><br>SARA HICKMAN | 12/28/15 | $500,000.00 | Check from Boardwalk Medical LLC to LPL Financial |
| 42 | WILLIAM HICKMAN<br><br>SARA HICKMAN | 6/17/15 | $72,907.92 | Check from Boardwalk Medical LLC to Wells Fargo Home Mortgage |
| 43 | WILLIAM HICKMAN<br><br>SARA HICKMAN | 1/27/16 | $150,000.00 | Debit transfer to SWHM Properties from Boardwalk Medical LLC account |
| 44 | WILLIAM HICKMAN<br><br>SARA HICKMAN | 10/6/16 | $128,032.92 | Bank check to Lloyds and Handson Title Agency purchased with funds from Boardwalk Medical LLC account |
| 45 | WILLIAM HICKMAN<br><br>SARA HICKMAN | 10/6/16 | $77,428.24 | Bank check to Lloyds and Handson Title Agency purchased with funds from Boardwalk Medical LLC account |
| 46 | WILLIAM HICKMAN<br><br>SARA HICKMAN | 10/6/16 | $76,653.23 | Bank check to Lloyds and Handson Title Agency purchased with funds from Boardwalk Medical LLC account |

| | | | | |
|---|---|---|---|---|
| 47 | WILLIAM HICKMAN<br><br>SARA HICKMAN | 2/1/17 | $600,000.00 | Bank check to MJP Construction LLC purchased with funds from Boardwalk Medical LLC account |
| 48 | WILLIAM HICKMAN<br><br>SARA HICKMAN | 10/15/15 | $201,758.03 | Check from Boardwalk Medical LLC to Seterus, Inc. |
| 49 | BRIAN PUGH | 12/28/15 | $65,000.000 | Debit transfer from BP Med 1 LLC to RPA Solutions |
| 50 | BRIAN PUGH | 4/21/16 | $150,000.00 | Debit transfer from BP Med 1 LLC to Boulevard Capital |

In violation of Title 18, United States Code, Section 1957, and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATIONS

### Count One

1. Upon conviction of the conspiracy offense alleged in Count One of this Indictment, defendants WILLIAM HICKMAN, SARA HICKMAN, BRIAN PUGH, THOMAS SCHALLUS, JOHN SHER, THOMAS SHER, and CHRISTOPHER BROCCOLI shall forfeit to the United States of America:

a. Pursuant to 18 U.S.C. § 982(a)(7), all property, real and personal, the respective defendants obtained that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the commission of the conspiracy to commit health care fraud, contrary to 18 U.S.C. § 1347, and all property traceable to such property; and

b. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, the respective defendants obtained that constitutes or is derived from proceeds traceable to the commission of the conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, and all property traceable to such property.

2. Such property includes, but is not limited to, all right, title, and interest in WILLIAM HICKMAN and SARA HICKMAN in the following:

a. Approximately $1,433,448 in AXA Advisors LLC account no. [redacted]7713 in the name of William Hickman;

b. Approximately $96,449 in AXA Advisors, LLC account no. [redacted]9319 in the name of Sara Hickman;

c. Approximately $61,906 in Franklin Templeton Investments account no. [redacted]7209 in the name of defendant William Hickman for the benefit of a minor child of William Hickman and Sara Hickman;

d. All funds and other property in Franklin Templeton Investments account no. [redacted]3144 in the name of defendant William Hickman for the benefit of a minor child of William Hickman and Sara Hickman;

e. All funds and other property in Franklin Templeton Investments account no. [redacted]3146 in the name of defendant William Hickman for the benefit of a minor child of William Hickman and Sara Hickman;

f. The real property and appurtenances known as 3 Jack Sloan Court, Northfield, Atlantic County, New Jersey, 08225, held in the names of William Hickman and Sara Hickman, Block 40, Lot 18.25, APN 18-00040-0000-00018-25;

g. The real property and appurtenances known as 305 Joanne Drive, also known as 305 Joann Drive, Egg Harbor Township, Atlantic County, New Jersey, 08234, held in the names of William Hickman, Jr. and Sara Hickman, Block 6407, Lot 4, APN 08-06407-0000-00004;

h. The real property and appurtenances known as 5 East Monroe Avenue, Linwood, Atlantic County, New Jersey, 08221, held in the name of MJP Construction, Block 110, Lot 3.02, APN 14-00110-0000-00003-02;

i. The real property and appurtenances known as 11 West Edgewood Avenue, Linwood, Atlantic County, New Jersey, 08221, held in the name of MJP Construction, Block 73, Lot 21, APN 14-00073-0000-00021;

j. The real property and appurtenances known as 1117-1119 Shore Road, Linwood, Atlantic County, New Jersey, 08221, held in the name of MJP Construction, Block 73, Lot 20, APN 14-00073-0000-00020;

and all property traceable to such property.

**Counts 2 Through 21**

3. Upon conviction of one or more of the health care fraud offense alleged in Counts 2 through 21 of this Indictment, the defendant specified in each count shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), all property, real and personal, the defendant obtained that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the commission of the health care fraud offense charged in such count, and all property traceable to such property.

4. Such property includes, but is not limited to, all right, title, and interest in WILLIAM HICKMAN and SARA HICKMAN in the property listed in the forfeiture allegation as to Count 1.

**Counts 22 Through 27**

5. Upon conviction of one or more of the wire fraud offense alleged in Counts 22 through 27 of this Indictment, the defendant specified in each count shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, the defendants obtained that constitutes or is derived from proceeds traceable to the commission of the wire fraud offense charged in such count, and all property traceable to such property.

6. Such property includes, but is not limited to, all right, title, and interest in WILLIAM HICKMAN and SARA HICKMAN in the property listed in the forfeiture allegation as to Count 1.

**Count 28**

7. Upon conviction of the money laundering conspiracy offense alleged in Count 28 of this Indictment, defendants WILLIAM HICKMAN, SARA HICKMAN, and BRIAN PUGH shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal, involved in such offense, and all property traceable to such property.

8. Such property includes, but is not limited to, all right, title, and interest in WILLIAM HICKMAN and SARA HICKMAN in the property listed in the forfeiture allegation as to Count 1.

**Counts 29 Through 50**

9. Upon conviction of one or more of the money laundering offenses alleged in Counts 29 through 48 of this Indictment, the defendant specified in each count shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal,

involved in the money laundering offense charged in each such count, and all property traceable to such property.

**10.** Such property includes, but is not limited to, all right, title, and interest in WILLIAM HICKMAN and SARA HICKMAN in the property listed in the forfeiture allegation as to Count 1.

**SUBSTITUTE ASSETS PROVISION**
**(Applicable to All Counts)**

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

A TRUE BILL

FOREPERSON

Craig Carpenito
CRAIG CARPENITO
United States Attorney

CASE NUMBER: 19-

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

WILLIAM HICKMAN,
SARA HICKMAN,
BRIAN PUGH,
THOMAS SCHALLUS,
JOHN SHER,
THOMAS SHER, and
CHRISTOPHER BROCCOLI

INDICTMENT FOR
18 U.S.C. §§ 1349, 1347, 1343, 1956, 1957 AND 2

A True Bill,

Foreperson

CRAIG CARPENITO
U.S. ATTORNEY, NEWARK, NEW JERSEY

R. DAVID WALK, JR.
ALYSON M. OSWALD
ASSISTANT U.S. ATTORNEYS
CAMDEN, NEW JERSEY
(856) 757-5026

USA-48AD8
(Ed. 1/97)